# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Segundo R., | File No. 26-CV-1914 (JMB/SGE) |
| Petitioner, | |
| v. | |
| Joel Brott, *Sherburne County, Minnesota, Sheriff*; Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Acting Field Director, St. Paul Field Office Immigration and Customs Enforcement*; | **ORDER** |
| Respondents. | |

Iris Ramos Nieves, The Law Office of Iris Ramos LLC, Minneapolis, MN, for Segundo R.

Matthew Isihara and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood.

This matter is before the Court on Petitioner Segundo R.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Respondents Joel Brott, Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement (ICE), Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood (together, Respondents) are named in the Petition.  For the reasons explained below, the Court denies the Petition.

## FINDINGS OF FACT[2]

1.    Segundo R. is a native and citizen of Ecuador who entered the United States without inspection in May 2018.  (Pet. ¶¶ 39–40.)

2.    Segundo R. has no criminal record.  (*Id.* ¶ 3.)

3.    Segundo R. was detained upon entry in May 2018 in Laredo, Texas.  (*Id.* ¶ 42.)

4.    On July 13, 2018, Segundo R. was released on bond.  (Doc. No. 12-1 at 4.)

5.    Segundo R. was placed in removal proceedings in San Antonio, Texas.  (Pet. ¶ 42.)  Due to illness and being in Minnesota, Segundo R. requested for his removal proceedings to be rescheduled and moved to a new location.  (*Id.* ¶ 43.)  The Immigration Court denied this request, and Segundo R. did not attend his scheduled hearing.  (*Id.*)

6.    On November 25, 2019, Segundo R. received an order of removal in absentia.  (*Id.* ¶ 44.)  This order provided that "[n]o good cause was given for [Segundo R.]'s failure to appear at the hearing.  Therefore, [Segundo R.] has abandoned any and all

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted.  *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

forms of relief from removal." (Doc. No. 8-1 at 2.) The order further provided that the Immigration Judge's "decision is final unless a Motion to Reopen is filed." (*Id.* at 1.)

7.     On January 9, 2020, Respondents issued a Notice to Obligor to Deliver [Non-Citizen], which instructed Segundo R. to appear at the ICE Enforcement and Removal Operations (ERO) San Antonio Field Office on February 12, 2020, for removal proceedings. (Doc. No. 16-1). This Notice warned that "[f]ailure to deliver or have the [non-citizen] appear in accordance with this demand may result in A DECLARATION OF A BREACH OF THE BOND, its forfeiture to the government, and a warrant for the arrest of the [noncitizen] may be issued." (*Id.*) On February 13, 2020, Respondents issued a Notice – Immigration Bond Breached, which noted that the "failure to deliver [Segundo R.] as directed constitutes a substantial violation of the conditions of the bond." (Doc. No. 16-2.)

8.     On August 8, 2025, Segundo R.'s wife filed a Form I-918A on Segundo R.'s behalf for U Nonimmigrant Status. (*Id.* ¶ 45.)

9.     On February 28, 2026, Segundo R. received a notice of an upcoming biometrics appointment with United States Citizenship and Immigrations Services for March 16, 2026.

10.    On March 16, 2026, Segundo R. attended the biometrics appointment with his wife and three stepchildren and was detained at the appointment. (*Id.* ¶ 47–49.)

11.    On March 17, 2026, Segundo R. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Segundo R. seeks immediate release. (*Id.* ¶ 57.)

**DISCUSSION**

Segundo R. challenges the legality of his detention.  For the reasons set forth below, the Court denies the Petition.

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted).  The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence.  *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

Because a final order of removal has been entered, Segundo R. is currently in mandatory detention pursuant to 8 U.S.C. § 1231.  The statute first provides that "when a[] [non-citizen] is ordered removed, the Attorney General shall remove the [non-citizen] from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  Detention under this statute is mandatory.  8 U.S.C. § 1231(a)(2)(A) (stating that "[d]uring the removal

4

period, the Attorney General *shall detain* the [noncitizen]" (emphasis added)).   While indefinite detention under this statute violates due process, a six-month detention is presumptively constitutional.   *See Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001). Segundo R. has been detained since March 16, 2026, which is within both the 90-day removal period set out by Congress and the six-month time period of presumptively constitutional detention set out in *Zadvydas*.   *Id.*   Therefore, this claim is not ripe for the Court's review.[3]

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     Segundo R.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is DENIED.

2.     This action is DISMISSED WITHOUT PREJUDICE.

3.     The Court STAYS this judgment pending any future Notice of Appeal and resolution of such appeal.

4.     The Court's previously ordered injunctive relief enjoining Respondents from transferring Petitioner out of the District REMAINS IN EFFECT through the time to file a Notice of Appeal of this Order, and if Petitioner appeals, through resolution of appeal.[4]

---

[3] Segundo R. argues that he was "arrested through the use of confidential information" from his U-visa application, in violation of 8 U.S.C. § 1367.   (Pet. ¶¶ 4, 64.)   However, Segundo R. provides no legal authority suggesting that his final order of removal from 2019 fails to provide a legal basis for his detention.   (*See* Doc. No. 8-1.)   The Court cannot grant the Petition absent legal authority that the use of information from a U-visa application affects the validity of the previously issued removal order.

[4] The Court also determines that a bond pending appeal is not necessary because the Petition seeks to prevent constitutional deprivations and because Respondents face no identifiable risk of monetary loss.   A bond is also not necessary because this matter is

5.      Petitioner may seek release pending appeal by filing a motion for release with or without surety pursuant to Federal Rule of Appellate Procedure 23(b). Petitioner should file such motion on or before April 16, 2026, at 11:00 a.m. CT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 9, 2026                                    /s/ *Jeffrey M. Bryan*
                                                       Judge Jeffrey M. Bryan
                                                       United States District Court

---

closely associated with important public interests. *See, e.g.*, *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).